Filed 2/5/16  P. v. Hope CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F069874 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF41783) |
| v. | |
| DIANNA ELLEN HOPE, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tuolumne County.  Eric L. DuTemple,[†] and Donald I. Segerstrom, Jr., Judges.[‡]

C. Athena Roussos, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]Before Gomes, Acting P.J., Kane, J. and Peña, J.

[†]Retired judge of the Tuolumne Superior Court assigned by the Chief Justice pursuant to section 6, article VI of the California Constitution.

[‡]Judge Segerstrom presided over defendant's change of plea on count II and her trial on the remaining counts.  Judge DuTemple sentenced defendant.

## INTRODUCTION

Defendant Dianna Ellen Hope was charged in a first amended information filed on April 7, 2014, with threatening an executive officer from performing his duties, a felony (Pen. Code,[1] § 69, count I), felony possession of pepper spray (§ 22810, subd. (a), count II), misdemeanor possession of narcotics paraphernalia (Health & Saf. Code, § 11364.1, subd. (a), count III), and misdemeanor disobeying of a court restraining order (§ 166, subd. (a)(4), count IV). The information further alleged defendant had prior convictions for burglary within the meaning of the three strikes law (§ 667, subds. (b)-(i)). The trial court permitted the People to file the amended information alleging three prior convictions for burglary within the meaning of the three strikes law.

Prior to a jury trial and with the concurrence of the People, the trial court granted defendant's motion pursuant to section 995 to have the felony allegation in count II reduced to a misdemeanor, and amended the first amended information by interlineation. After being advised of and waiving her constitutional rights, defendant admitted count II prior to trial and also admitted the alleged prior serious felony convictions. At the conclusion of a jury trial on June 26, 2014, the trial court denied defendant's motion to dismiss counts I and III for insufficient evidence pursuant to section 1118.1. The jury acquitted defendant of count III and convicted her of counts I and IV.

On July 21, 2014, the trial court denied defendant's request to exercise its discretion to strike one or more of the prior serious felony convictions pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. The court sentenced defendant to the upper term of three years on count I and doubled the sentence to six years pursuant to the three strikes law. The court imposed concurrent sentences on the two misdemeanor convictions. An amended abstract of judgment was prepared on February 3, 2015, indicating defendant had 27 days of custody credits prior to sentencing, 27 days of conduct credits, and total credits of 54 days.

---

[1]Unless otherwise designated, further statutory references are to the Penal Code.

Appellate counsel has filed a brief seeking independent review of the case by this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

## FACTS

William Webster dated defendant from 2010 until May 2013. Webster obtained a restraining order against defendant in August 2012 because defendant verbally abused and hit him. The order stated, inter alia, that defendant was not to harass, threaten, follow, stalk, molest, destroy personal or real property, disturb the peace, surveil, or block the movements of Webster. Webster changed his phone number and contacted the Sonora Police Department on July 27, 2013, because over the previous 17 days he had received voicemails from defendant. In the voice messages, defendant used profane language to describe Webster and threatened to follow him for the rest of his life.

Sergeant Turu Vanderwiel was dispatched to Webster's home to investigate. Vanderwiel knew Webster and defendant and had been dispatched to investigate earlier domestic disputes between the two. Vanderwiel was aware Webster had a valid protective order in place against defendant and confirmed this fact with the dispatcher.[2]

Vanderwiel found defendant on his way to Webster's residence. Defendant denied any contact with Webster and handed Vanderwiel her cell phone. Vanderwiel found no evidence on defendant's cell phone of her having contacted Webster. Vanderwiel went to Webster's residence. Webster showed Vanderwiel his own cell phone. Vanderwiel heard numerous messages with defendant's voice using a lot of vulgarity and threatening to follow Webster around, wipe him out, and to force him out of town. The date stamps on the messages were between July 10, 2013, and the date of dispatch. The phone number of the calls to Webster matched the cell phone number of the phone defendant had shown Vanderwiel.

Vanderwiel found defendant at her friend's house and asked her to speak with him at the door. Defendant turned around and started walking away from Vanderwiel.

---

[2]The protective order was valid for three years after the date it was issued.

3.

Defendant walked toward the kitchen sink, opened a cabinet, and threw something from her pocket into the trash. Vanderwiel had entered the residence and was following a few feet behind her. He looked into the garbage can and saw a crumpled $20 bill sitting on top of household trash and the body of a pen with a slightly burnt end. The pen body had been removed from the upper portion of the pen and it was open on both ends like a tube. There was white smoke residue adhered to the inner portion of the pen body.

From his police training and experience investigating narcotics cases, Vanderwiel recognized the pen as being drug paraphernalia. Defendant denied knowledge of the pen body. She asked Vanderwiel if she had thrown away her $20 bill. Vanderwiel did not know if defendant's friend used drugs, and although defendant asked to be tested for drugs, she was not tested. Vanderwiel arrested defendant and placed her into his patrol car. He adjusted the forward facing camera in the patrol car so that it could also record defendant as she sat in the back seat.

The video was admitted into evidence and played for the jury. The jury was further provided with a transcript of what defendant said to Vanderwiel in the patrol car. The transcript of the video accurately reflects defendant's comments and her belligerent, aggressive attitude.[3] Defendant spent over seven minutes yelling, berating, insulting, and cursing at Vanderwiel. In addition to threatening more than once to "beat the fuck" out of Vanderwiel, defendant threatened: "to kick your face inside and out. Mother Fucker. As soon as that cop outfit comes off I'm going to follow you and I'm going to find out where you and your wife live and I'm going to fucking fuck her up asshole. That's what I am going to do. Don't see if I don't. I am going to follow you home, Mister. You are a fucking liar. I didn't fucking restrain nothing."

---

[3]This court has reviewed both the video and the transcript of defendant's tirade against Sergeant Vanderwiel.

4.

## APPELLATE COURT REVIEW

Defendant's appointed appellate counsel has filed an opening brief summarizing the pertinent facts, raising no issues, and requesting this court to review the record independently. (*People v. Wende*, *supra*, 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating defendant was advised she could file her own brief with this court. By letter on March 4, 2015, we invited defendant to submit additional briefing. To date, she has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.